IN RE CONNER.

Opinion rendered June 14, 1907.
(103 S. W. Rep. 760.)

*Punishment of Contempt.*

By Mansfield's Digest of Statutes § 629, which limits to imprisonment for 10 days and a fine of $50.00 punishment for contempt and a judgment which sentenced to one day's imprisonment and $500.00 fine was excessive and void for lack of jurisdiction.

Written application by H. S. Conner for a writ of habeas corpus. Writ granted. Petitioner discharged.

*J. F. Sharp* and *J. W. Hocker,* for petitioner.

*Geo. R. Walker,* U. S. Atty., and *Jas. E. Humphrey,* Asst. U. S. Atty., for respondent.

PER CURIAM. This is an original application for writ of habeas corpus. It appears, as set out in the judgment, that the petitioner was adjudged guilty of contempt, and fined $500, and sentenced to imprisonment in the United States jail at Ardmore for the term of 30 days, beginning December 23, 1905. The following judgment was entered by the court below: "This cause coming on to be heard on this day, the same being the third judicial day of the second November, 1905, term of this court, the defendant files his demurrer to the information heretofore filed herein, which is overruled, the defendant files his answer to the said information, and, on being brought before the bar of the court, is duly arraigned and pleads not guilty to said charge. Whereupon testimony of witnesses and argument of counsel being heard, and the court being fully advised in the premises, doth find the said H. S. Conner understanding that one Paul Boudreau would be selected as a member of the jury commission to select grand and petit jurors for the April, 1906, term of this court, requested the said Paul Boudreau to see to it that the friends of the said William Strassberger were not placed on said juries, and that he did not wish to get the worst of it, and did furnish to said Paul Boudreau a list of names of persons to be selected by said jury commission as members of said juries, and that said Paul Boudreau was selected as a member of said jury commission, and was in possession of said list when he acted on said jury commission, and doth find the charge against said H. S. Conner to be fully proven, and the said H. S. Conner guilty of contempt of court. It is therefore adjudged that, for his offense afore-

said, the said H. S. Conner be imprisoned in the United States jail situated in Ardmore in the Southern district of the Indian Territory, for the term and period of 30 days, beginning at this date, and that he pay to the United States of America a fine of $500, and all costs in this behalf laid out and expended, and that he be imprisoned one day for each $0.75 of final costs."

    The petitioner claims, first, that the offense as shown by the record and testimony adduced at the trial did not constitute contempt of court; second, that the sentence is excessive and the court was without jurisdiction to pronounce the same. It is unnecessary to consider anything except the second claim made herein on the judgment of the court. The statute in force in this jurisdiction concerning contempts is found in Mansfield's Digest of Statutes, §§ 627-638. The judgment of the court below exceeded its authority, and the judgment was contrary to section 629 of Mansfield's Digest of Statutes, limiting the fine to $50 and the punishment to imprisonment for 10 days.

    It is therefore considered, ordered, and adjudged by the court, that the petitioner be, and he is hereby, discharged, with his costs.